UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JARVIS PEELE, *et al.*                                                    PLAINTIFFS

v.                                          CIVIL ACTION NO. 3:25-CV-623-JHM

RANDY HARRIS, *et al.*                                                  DEFENDANTS

## MEMORANDUM OPINION

Plaintiffs Jarvis Peele and Development Academy Corporation filed the instant *pro se* civil action invoking this Court's diversity jurisdiction.[1]  Because Plaintiff Peele is proceeding *in forma pauperis* (DN14), the Court must conduct an initial review of the action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### I.

Plaintiffs Jarvis Peele (Peele) is suing as an individual and a corporation, Development Academy Corporation.  The complaint names Defendants Randy Harris (Harris) and Legacy Real Estate and Construction (Legacy).  (DN 1, 1-1).  The factual allegations are as follows:

1.   On or about August 18, 2025, Defendant Harris filed an affidavit in the Jefferson County Circuit Court, Case No. 25-Cl-005932 . . . .

2.   The affidavit was signed by Harris, stamped by the Court, and set for hearing on August 25, 2025.  Harris failed to appear at the hearing, yet the matter remains in the public record with Plaintiff named as defendant.

3.   Plaintiff discovered the affidavit on August 21, 2025, wedged into plywood covering the entry to 6507 Elmwood Street-a property owned by Development Academy Corporation since June 2023.

4.   The statements in the affidavit are false.  Harris has no legal interest in the property-no deed, lien, mortgage, or recorded ownership-and his claims were made with knowledge of their falsity or reckless disregard for the truth.

---

[1] This action was initiated in the U.S. District Court for the Southern District of Indiana and transferred to this Court. (DNs 6, 7, 8).

5.      On August 17, 2025, one day before filing the affidavit, Harris met Plaintiff at a UPS store to execute a quitclaim deed for $25,000, a transaction Harris himself had proposed via Facebook Messenger a month earlier.

6.      Plaintiff was authorized by the Development Academy Corporation's leadership to proceed with the sale, with payment to be deposited directly into the corporation's bank account.

7.      At the meeting, Harris changed the agreed terms, stating payment would occur at a later "closing date" through Borders and Borders, his purported preferred closing agent. Subsequent inquiries revealed Borders and Borders had no knowledge of Harris or the transaction.

8.      Harris's affidavit was filed not to resolve a legitimate dispute, but to defame Plaintiff, cloud title to the property, and interfere with the corporation's lawful ownership and operations.

9.      Harris failed to properly serve Plaintiff or the corporation, further evidencing bad faith and abuse of process.

10.     The defamatory statements have caused humiliation, reputational harm, and have interfered with Plaintiff's and the corporation's property rights.

(*Id*., PageID.2).

Peele alleges that the contents of the affidavit by Harris "falsely claimed: 'Release my deed from Jarvis Peele. He has not paid for my property nor attempted to pay and is receiving multiple violations. (He is squatting on the property) . . .'" (*Id*., PageID.4).

Peele lists his causes of action as defamation/libel in violation of Kentucky common law and Section 9 of the Kentucky Constitution; abuse of process; interference with property rights in violation of Sections 1 and 242 of the Kentucky Constitution; and deprivation of the right to trial by jury in a matter affecting property and reputation in violation of Section 7 of the Kentucky Constitution. (*Id*., PageID.2).

As relief, Peele seeks damages in excess of $90,000, and declaratory/injunctive relief. (DN 1, PageID.3; DN 1-1, PageID.30).

**II.**

As an initial matter, Peele, a non-attorney, purports to prosecute these claims on behalf of Development Academy Corporation. "Although [28 U.S.C.] § 1654 permits an individual to proceed *pro se* in federal court, the statute does not permit an individual to appear on behalf of a corporation." *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 820 (E.D. Mich. 2009) (citing *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984)); *see also Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) (A corporation "is an abstraction, and an abstraction may not appear pro se."). It is well-established that "[a] corporation must be represented by counsel." *Reich v. Pierce*, No. 93-3279, 1994 WL 709292, at *4 n.1 (6th Cir. Dec. 20, 1994) (per curiam); *Outfront Media, LLC v. LeMaster*, No. 7:17-CV-66-REW-EBA, 2019 WL 13193934, at *1 (E.D. Ky. Sept. 12, 2019). Consequently, Development Academy Corporation be dismissed as a plaintiff in this case.

**III.**

Because Peele is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore

3

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## IV.

### A.  Jurisdiction, Venue, and Choice of Law

Peele states that he is a resident of Indiana, that Harris is a resident of Kentucky, that Legacy is a corporation with its principal place of business in Kentucky, and that the amount in controversy exceeds $75,000. As such, diversity jurisdiction under 28 U.S.C. § 1332 appears to exist in this case. Moreover, it appears to the Court that on the face of the complaint that venue is appropriate because 6507 Elmwood St., Louisville, Kentucky (the subject property) sits within the

Western District of Kentucky. *See* 28 U.S.C. § 1391(a)(2) (venue in a diversity case may lie in "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Federal courts in diversity cases apply the choice-of-law rules of the state in which they sit. *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 366 (6th Cir. 2022) (citing *Klaxon Co. v. Stentor Elect. Mfg. Co.*, 313 U.S. 487, 496-97 (1941)); *State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.,* 849 F.3d 328, 331 (6th Cir. 2017). For tort claims, Kentucky law will apply "'if there are significant contacts—not necessarily the most significant contacts—with Kentucky.'" *Evans v. Novolex Holdings, LLC*, No. 20-cv-98, 2021 WL 2187347, at *3 (E.D. Ky. May 28, 2021) (quoting *Foster v. Leggett*, 484 S.W.2d 827, 829 (Ky. 1972)). The complaint sufficiently establishes significant contacts because the subject property is in located Kentucky, Harris is identified as a Kentucky resident, and Legacy's place of incorporation is Kentucky.

### B. Defamation

Peele alleges defamation stemming from an "affidavit" filed by Defendant Harris in Jefferson County Circuit Court which stated, "[r]elease my deed from Jarvis Peele. He has not paid for my property nor attempted to pay and is receiving multiple violations. (He is squatting on the property) . . . ." (DN 1, PageID.4). Peele asserts that the statement is false because Harris has no legal interest in the subject property. (*Id*, PageID.2).

To plead a *prima facie* case of defamation under state law, a plaintiff must allege: (1) defamatory language, (2) about the plaintiff, (3) which is published, and (4) which causes injury to reputation. *Mengedoht v. Nationwide Ins. Co.*, No. CIV A 306CV-283-S, 2006 WL 3715908, at *2 (W.D. Ky. Dec. 12, 2006) (citing *Columbia Sussex Corp. v. Hay*, 627 S.W.2d 270, 273 (Ky. Ct. App. 1981). "Kentucky, however, recognizes a judicial proceedings privilege, which renders

statements made in the course of judicial proceedings not actionable." *Id.* (citing *Rogers v. Luttrell*, 144 S.W.3d 841 (Ky. Ct. App. 2004). "For the privilege to apply, the challenged statements need only have 'some relation' to the subject matter of the action." *GenCanna Glob. USA, Inc. v. Jenco Indus. Sales & Servs., LLC*, No. CV 5:19-387-DCR, 2020 WL 94512, at *2 (E.D. Ky. Jan. 8, 2020) (citing *Smith v. Hodges*, 199 S.W.3d 185, 194 (Ky. Ct. App. 2005)); *see also Rogers*, 144 S.W.3d at 843–44. "Clearly, allegations made in a complaint . . . constitute 'statements in judicial proceedings.'" *Id.* (quoting *Heavrin v. Nelson*, 384 F.3d 199, 202 (6th Cir. 2004)).

Peele's allegations reveal an ongoing dispute as to the ownership or title of the subject property between the parties. It is therefore clear that the statements of the affidavit bear "some relation" to the real estate dispute, and thus Peele has not plausibly alleged the requisite elements of a defamation claim requiring an unprivileged publication. *See, e.g., Thomas v. Haaland*, No. 1:19CV-157-GNS, 2021 WL 1554421, at *6 (W.D. Ky. Apr. 20, 2021) (dismissing, on initial review, defamation claim arising from statements made in the course of administrative proceedings); *City of Dayton v. A.R. Env't, Inc.*, 886 F. Supp. 2d 775, 781 (S.D. Ohio 2012) (dismissing defamation claim where alleged defamatory statements were pled in a complaint and reasonably related to judicial proceedings under Ohio law). This claim must be dismissed for failure to state a claim upon which relief can be granted.

### C. Abuse of process

Peele next alleges that Harris's filing of the state court proceeding against him constituted "[m]isuse of judicial process to achieve an ulterior purpose unrelated to the proper resolution of a legal claim." (DN 1, PageID.2). Specifically, that "Harris's affidavit was filed not to resolve a

legitimate dispute, but to defame Plaintiff, cloud title to the property, and interfere with the corporation's lawful ownership and operations." (*Id*.).

The essential elements of the tort of abuse of process under Kentucky law consist of: "(1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Garcia v. Whitaker*, 400 S.W.3d 270, 276 (Ky. 2013) (quoting *Simpson v. Laytart,* 962 S.W.2d 392, 394 (Ky. 1998)). The "willful act" element typically takes the "form of coercion to obtain a collateral advantage," *Sprint Communs. Co., L.P. v. Leggett*, 307 S.W.3d 109, 117 (Ky. 2010), and requires "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process." *Garcia*, 400 S.W.3d at 276. "Merely because a lawsuit is groundless is not sufficient to state a claim for abuse of process." *Dearborn Sav. Bank v. Hall*, No. 2015-CA-77-MR, 2017 WL 4570585, at *4-5 (Ky. Ct. App. Oct. 13, 2017). "The advantage sought to be gained must be something *outside the proceedings*." *Perez v. Weaver*, No. 6:22-CV-127-REW-HAI, 2022 WL 22863218, at *3 (E.D. Ky. Dec. 14, 2022), *report and recommendation adopted*, 2023 WL 11897158 (E.D. Ky. Apr. 21, 2023) (citing *Simpson*, 962 S.W.2d at 395).

The complaint does not allege facts to support either element. Peele does not identify a willful act taken outside of Harris's filing of the affidavit. *See Perez*, 2022 WL 22863218, at *3 (finding "willful act" element not met because facts identified "no act" taken aside from the filing of lawsuit); *Karsner v. City of Radcliff*, No. 3:16-CV-00372-JHM, 2016 WL 5868089, at *3 (W.D. Ky. Oct. 6, 2016) (dismissing state law abuse-of-process claim under 12(b)(6) where complaint "failed to plead any facts as to an improper act committed by [Defendant] in the course of the proceeding."). Additionally, the "ulterior purposes" Peele alleges pertain to title, ownership, and surrender of the subject property, which are central, not collateral, to the dispute. Even the alleged

7

defamatory statements, *i.e.*, identifying Peele as "squatting" on the subject property, are indistinguishable from the apparent purpose of the proceeding—to evict Peele and "release [the property] deed" therefrom.  (DN 1, PageID.4).  *See Perez*, 2022 WL 22863218, at *3 (finding allegations showing a bad intention or improper motive are inadequate to state an abuse-of-process claim and do not support the "ulterior purpose" element).  Accordingly, Peele's claim for abuse of process under state law fails to state a claim upon which relief can be granted and must be dismissed.

### D.  Kentucky constitutional violations

Peele also claims that Defendants' actions constitute "interference with property rights" in violation of Ky. Const. §§ 1 and 242.  Section 1 of the Kentucky constitution delineates the inherent and inalienable right of acquiring and protecting property, while Section 242 provides,

> Municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them; which compensation shall be paid before such taking, or paid or secured, at the election of such corporation or individual, before such injury or destruction.

Ky. Const. § 242.  Read in tandem with Ky. Const. § 13, these provisions require the government to compensate individual landowners for any taking of their property for public use.  *See Stathers v. Garrard Cnty. Bd. of Educ.*, 405 S.W.3d 473, 485 (Ky. Ct. App. 2012).  ("[S]ection 13 prohibits the taking of private property by the Commonwealth without just compensation. . . .  The requirements of section 13 are amplified by section 242 which requires 'just compensation for property taken, injured, or destroyed.'") (citing Ky. Const. §§ 13, 242)); *Transp. Cabinet, Dep't of Highways v. Atkinson*, 706 S.W.3d 110, 114 (Ky. 2024) ("[W]hen the Commonwealth exercises its eminent domain power to condemn or 'take' private property for public use, the Constitution requires that the government fairly compensate the property owner.") (citing Ky. Const. § 13)

("[N]or shall any man's property be taken or applied to public use without the consent of his representatives, and without just compensation being previously made to him."). As such, they bear no application to the Peele's complaint insofar as he has not alleged a "taking" of the subject property by the government for public use.

In any event, "Kentucky law is clear that the Commonwealth's Constitution provides no direct private right of action for damages based on violations of state constitutional law." *Tinsley v. Fox*, No. 5:22-CV-115-BJB, 2023 WL 35765, at *3 (W.D. Ky. Jan. 4, 2023) (citing *Univ. of Ky.*, No. 5:16-005-KKC, 2016 WL 4059559, at *3 (E.D. Ky. July 28, 2016) ("Kentucky does not recognize a private right of action for alleged violations of the state Constitution."); *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 537 (Ky. 2011) (declining to recognize a new cause of action for money damages based on state constitutional violations)). As such, Peele's claim asserting the "deprivation of the right to trial by jury in a matter affecting property and reputation" in violation of Ky Const. § 7, likewise fails. The claims alleging violations of the Kentucky Constitution must therefore be dismissed for failure to state a claim upon which relief can be granted.

**V.**

For these reasons, the Court will dismiss the action by separate Order.

Date:    March 26, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff Jarvis Peele, *pro se*
       Plaintiff Development Academy Corporation
4414.015

9