**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**JARVIS PEELE, *et al.*** **PLAINTIFFS/APPELLANTS**

**v.** **CIVIL ACTION NO. 3:25-CV-623-JHM**

**RANDY HARRIS, *et al.*** **DEFENDANTS/APPELLEES**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a limited remand from the Sixth Circuit Court of Appeals to consider Plaintiff Jarvis Peele's motion for an extension of time to appeal. For the reasons that follow, the Court will deny Peele's motion.

**I.**

By Memorandum Opinion and Order entered March 26, 2026, this Court dismissed this civil action on initial review pursuant to 28 U.S.C. § 1915(e)(2). (DNs 15, 16). Any notice of appeal was due to be filed on or before April 27, 2026. Peele filed his notice of appeal on April 30, 2026. He did not make a motion in this Court to either extend the time to appeal under Fed. R. App. P. 4(a)(5) or to reopen the time to appeal under Fed. R. App. P. 4(a)(6). Accordingly, on May 6, 2026, the Sixth Circuit ordered Peele to show cause why the appeal should not be dismissed for lack of jurisdiction. (Sixth Circuit Court of Appeals ("CA") Case No. 26-5391, DN 2).

Peele responded to the Sixth Circuit's show cause order, which he also delivered to this Court captioned as a "motion to show cause/extension of time to file an appeal." (DN 20; CA No. 26-5391, DN 4). On August 31, 2026, the Sixth Circuit remanded the case to consider the issue of whether the time for filing a notice of appeal should be extended. (DN 23; CA No. 26-5391, DN 11).

**II.**

Notices of appeal are due 30 days after entry of judgment or order appealed from. 28 U.S.C. § 2107; Fed. R. App. P. 4(a)(1)(A). "[T]he requirement of filing a timely notice of appeal is mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 207 (2007) (citation omitted).

As stated above, the final order of dismissal was entered in this case on March 26, 2026. (DN 16). As such, the deadline for filing a notice of appeal was April 27, 2026. On April 30, 2026, after the applicable 30-day deadline had passed, Peele filed a notice of appeal, which was served upon the Sixth Circuit. (DNs 17, 18).

The notice of appeal, filed on April 30, 2026, was filed after the deadline and therefore untimely.[1] On May 6, 2026, the Sixth Circuit ordered Peele to show cause why his appeal should not be dismissed for failure to comply with 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a) by filing a late notice of appeal. (CA No. 26-5391, DN 2).

Peele filed a response to the Sixth Circuit's show cause order on June 1, 2026. (CA No. 26-5391, DN 4). This document was also filed in this Court on the same date, captioned as a "motion to show cause/extension of time to file appeal." (DN 20). Peele filed a supplemental response in the circuit court on June 10, 2026 (CA No. 26-5391, DN 6), which was filed in this Court on June 1, 2026, captioned as a "motion to show cause/petition to proceed waiving prepayment of filing fees." (DN 19).

The "motion to show cause/extension of time to file appeal" (DN 20) is the operative motion for purposes of the Court's inquiry on remand.

[1] The Court notes that the notice of appeal (DN 17) cannot be reasonably interpreted as a motion to extend or reopen because it does not acknowledge untimeliness, mention non-receipt of the Court's final order, or explain why the notice of appeal could not have been filed earlier. *Martin v. Sullivan*, 876 F.3d 235 (6th Cir. 2017) (per curiam).

In the June 1, 2026, motion (DN 20),[2] Peele seeks an extension of the 30-day time limit to appeal due to "unintentional neglect" caused by "circumstances which did temporarily hinder accessibility to [Peele's] mailing address." (*Id.*, PageID.61). Citing to Fed. R. App. P. 4(a)(6), he states that the motion is brought "significantly below the 180 day limit . . . thus making continuance of this action no significant burden for any party" should his request be granted. (*Id.*).

Peele includes a sworn affidavit explaining that he does not reside at his mailing address/address of record, and details the following circumstances:

> I typically drive myself to visit this address to collect mail, visit family, cook a meal, and wash clothes here at least once a week. Within the past 60 days the motor vehicle I had frequently used was burglarized and left inoperable. This has significantly reduced my accessibility to the mailing address. The decision I am appealing from . . . involves an incident which [the defendant] has left me in a transient state of housing. I obtained and read the Order dismissing 3:25-cv-623-JHM from [the district court] until around the 22nd of April 2026.

(*Id.*, PageID.62-63) (cleaned up).

Peele further acknowledges,

> I am aware that my transportation and housing situation are my responsibility to ensure accessibility and timely requirements. Recently I have arranged ways to better acquire access to my mailing address by way of obtaining a public transit payment card. . . . Also, according to the importance of many recent filings and my decreased mobility I have increased my communication with family at mailing addresses to multiple times a week to ensure I receive timely notice and observe all rules and requirements applicable. I have recently requested permissions from this Court via the online Pacer website to allow me to submit Electronic filings. I have made arrangements towards acquiring more reliable transportation.

(*Id.*, PageID.63).[3]

---

[2] The Court observes that, while otherwise identical to the document filed in the Sixth Circuit (CA No. 26-5391, DN 4), the pagination differs slightly.

[3] This Court permits non-incarcerated *pro se* litigants to receive e-mail notice of and electronic access to documents filed in their cases, however the docket does not reflect that Peele has filed a registration form to receive documents electronically.

Because Peele asserts that he did not receive the Court's final order until 27 days after its entry, the Court considers the motion under both subdivisions of Rule 4 that permit a party to move for an enlargement of the appeal period. *Zack v. United States*, 133 F.3d 451, 453 (6th Cir. 1998) (a party asserting failure to receive timely notice of an order from which the party seeks to appeal may seek relief under either Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6)).

The Court addresses each provision in turn.

## III.

### *A. Extension of time to file notice of appeal*

Under Federal Rule of Appellate Procedure 4(a)(5)(A), a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A)(i)-(ii).

As stated above, Peele's notice of appeal was due on April 27, 2026. Any motion to extend time under Fed. R. App. P. 4(a)(5)(A) thus needed to be filed on or before May 27, 2026. Peele's motion in this Court was filed on June 1, 2026, and is therefore untimely under Fed. R. App. P. 4(a)(5)(A). *See* Fed. R. Civ. P. 5(d)(2) ("A paper not filed electronically is filed by delivering it. . . to the clerk[.]").

Because the motion is untimely, the Court need not consider Peele's proffered reason of "unintentional neglect" under this subsection. *See Tanner v. Yukins*, 776 F.3d 434, 438 (6th Cir. 2015) (under Rule 4(a)(5), a party "may request a filing extension of up to 30 days upon a showing of 'excusable neglect or good cause,' but *must* do so within the 30 days following the initial 30-

day appeal period.") (emphasis added); *see also Martin v. Straub*, 27 F. App'x 337, 338 (6th Cir. 2001) ("Even if the reasons offered by Martin in support of his motion qualify as excusable neglect, he had only an additional thirty days to file a motion for an extension of time."); *accord, e.g.*, *Price v. St. Louis Corr. Facility*, No. 21-CV-11260, 2021 WL 5085759, at *2 (E.D. Mich. Nov. 2, 2021) (observing that "the Court is without power to consider the late request to extend" under Rule 4(a)(5), regardless of good cause or excusable neglect). Therefore, Peele is not entitled to relief under Fed. R. App. P. 4(a)(5).

***B. Reopening the time to file an appeal***

Pursuant to Federal Rule of Appellate Procedure 4(a)(6):

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6)(A)-(C). Thus, Rule 4(a)(6) provides "a party an additional window of opportunity to file a notice of appeal where the additional period allowed under Rule 4(a)(5) has expired," and where the appealing "party failed to receive notice of the entry of an order or judgment within twenty-one days of its entry." *Zack*, 133 F.3d at 452-53.

Reopening the appeal period is discretionary, *see, e,g.*, *Evans v. United States*, 165 F.3d 27, 1998 WL 598712, at *3 n.3 (6th Cir. Aug. 28, 1998) (noting that the Court's power to reopen the time to file an appeal is discretionary), and all three conditions set forth in Rule 4(a)(6) must

be met before a court may exercise its discretion to reopen the time to file an appeal. *See Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 369 (6th Cir. 2007) ("Rule 4(a)(6) specifies three conditions that must be met before a district court may exercise its discretion to reopen the time to file an appeal.").

Peele's request under Rule 4(a)(6) is untimely. Peele attests that he "obtained and read the Order dismissing" his case on or around April 22, 2026. Fed. R. App. P. 4(a)(6) requires that a motion to reopen must be filed within 180 days of the entry of judgment *or* 14 days after the appellant receives notice, *whichever is earlier*. *See* Fed. R. App. P. 4(a)(6)(B); *see also, e.g.*, *Berg v. Metrish*, No. 07-14565, 2015 WL 9582742, at *2 (E.D. Mich. Oct. 5, 2015), *report and recommendation adopted*, 2015 WL 9489600 (E.D. Mich. Dec. 30, 2015). Peele's motion should have been filed within 14 days of the date he received the Court's final order, *i.e.*, by May 6, 2026. However, it was not filed until June 1, 2026. Because the standard of Rule 4(a)(6) has not been met, the Court cannot provide the relief he seeks and need not address the remaining conditions. *See Shampine v. Bell*, No. 1:22 CV 1753, 2023 WL 6162116, at *3 (N.D. Ohio Sept. 21, 2023) ("As *all* of the conditions of FRAP 4(a)(6) must be satisfied before a district court may exercise its discretion to reopen the time to file an appeal, any discussion of the remaining requirements is rendered moot."). Accordingly, Peele is not entitled to relief under Fed. R. App. P. 4(a)(6).

**IV.**

For the foregoing reasons, **IT IS ORDERED** that Peele's motion to extend or reopen the time to appeal **(DN 20)** is **DENIED**.

Date: September 21, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiffs, *pro se*
Clerk, Sixth Circuit (No. 26-5391)
4414.015